IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:04-840-HMH |
| vs. | ) | C.A. No. 7:06-1826-HMH |
| | ) | |
| Tojuana Bobo Clark, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Tojuana Bobo Clark's ("Clark") motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Clark's § 2255 motion.

### I. Factual and Procedural Background

Clark is currently incarcerated at Federal Prison Camp Alderson in Alderson, West Virginia. On April 19, 2005, Clark pled guilty to five counts of a superceding indictment, one count of conspiring to distribute or possess with intent to distribute five kilograms of cocaine and fifty grams or more of crack cocaine, one count of possessing a quantity of cocaine and fifty grams or more of crack cocaine with intent to distribute, and three counts of using a telephone to facilitate the commission of a felony. On June 24, 2005, Clark was sentenced to one hundred eight (108) months' imprisonment. Clark did not appeal her conviction or sentence.

Clark filed the instant § 2255 motion on June 19, 2006. She raises four grounds for relief: (1) her counsel, William Godfrey ("Godfrey"), rendered ineffective assistance with respect to advising her concerning her plea agreement and her presentence investigation report ("PSR"), (2) the Government committed prosecutorial misconduct by failing to file a Rule 35(a) motion under the Federal Rules of Criminal Procedure on her behalf; (3) she was not aware that

1

the United States Sentencing Guidelines were advisory under United States v. Booker, 543 U.S. 220 (2005), and "would have asked for leniency and [a sentence] below my sentencing guideline range by the judge" if she had known that the guidelines were advisory; and (4) her sentence was inequitable because her husband, a co-defendant, received a sentence reduction and her "involvement in the case was less than his." (§ 2255 Mot. 4, 5, 7, 8.) Clark requests that the court vacate her sentence and re-sentence her to sentence less than 108 months. The court addresses each of Clark's alleged grounds for relief below.

## II. Discussion of the Law

### A. Ineffective Assistance of Counsel

As noted above, Clark first alleges that Godfrey provided constitutionally ineffective assistance with respect to her plea agreement and her PSR. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Clark must demonstrate that her counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by her counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Clark must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

> Clark alleges the following:
>
> Although I was appointed Counsel, my counsel proved to be less than effective in keeping me apprised of what was going on in my case, explaining the ramifications of what I was pleading guilty to, advising me to accept the plea

> agreement without reviewing it with me and what the results of my Pre-Sentencing Investigation Report. There was a lack of communication and I do not have a very good understanding of the law which prohibited me to ask [sic] the appropriate questions during my case.

(Id. 4.) Clark's ineffective assistance of counsel claims concerning her plea and sentencing are without merit.

First, at her plea hearing, Clark affirmed that she had had enough time to discuss her plea with Godfrey and that she was satisfied thus far with Godfrey's representation. (Guilty Plea Tr. 7.) She further answered that she had no complaints of Godfrey or anyone else in connection with her case. (Id.) The court proceeded to go over each count of the indictment with Clark, detailing the elements of the offenses and the statutory maximums of imprisonment and fines. (Id. at 7-11.) Clark testified that she understood. (Id.) She further testified that no one threatened or coerced her in any way to get her to plead guilty, that she pleaded guilty because she was guilty, and that no one had promised her what her sentence would be. (Id. 15-16.) Additionally, the court had the Assistant United States Attorney summarize the plea agreement and asked Clark if that was the complete agreement, to which Clark affirmed, proving that she understood the agreement. (Id. 21.) Finally, Clark agreed to the summary of the facts detailing her involvement in the case before signing the agreement. (Id. 28.)

Second, at her sentencing, Clark admitted that she was satisfied thus far with the representation of Godfrey, that she had no complaints of Godfrey or anyone else in connection with the case, and that she and Godfrey had thoroughly reviewed the PSR. (Sentencing Tr. 12.)

Given the above, Clark's arguments that she was unaware of the ramifications of her guilty plea and uninformed about her plea agreement are without merit. Moreover, Clark admitted that she had reviewed the PSR with Godfrey before she was sentenced.

Clark has not suggested how she could have been prejudiced by Godfrey's alleged shortcomings, and, given the court's extensive review of the charges to which she was pleading and her admissions that she understood, any argument that either she did not understand the ramifications of her plea or her plea agreement is not credible. Moreover, Clark's admission of guilt and agreement with the Government's summary of the facts foreclose any argument that she was prejudiced by Godfrey's alleged errors. As such, this claim is without merit and warrants no further consideration.

### B. Rule 35 Motion

Clark's second claim is that the Government has failed to file a Rule 35(b) motion on her behalf. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive [for not filing a Rule 35(b) motion]." Wade v. United States, 504 U.S. 181, 186 (1992). In fact, a defendant must make a "substantial threshold showing" of improper motive for not filing a Rule 35(b) motion to warrant even an evidentiary hearing. Id. "[The Fourth Circuit] has followed the Supreme Court's lead and strictly interpreted the *Wade* exceptions, holding that the decision not to make a downward departure motion is properly within the government's discretion." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the movant makes a threshold showing that the Government's refusal to file a motion is based on an unconstitutional motive such as race or

4

religious animus, or is not rationally related to a legitimate governmental end, the court is without authority to review the Government's discretionary decision not to file a Rule 35(b) motion.  See id.

Clark has not alleged or made any showing as to why the Government has not filed a Rule 35(b) motion for her alleged assistance or even alleged that the Government ever promised that it would file a Rule 35(b) motion.  Rather, in the plea agreement, the Government reserved the discretion to file a Rule 35(b) motion "to reduce the sentence of either Mr. [Terry] Clark or Mrs. Clark depending on their cooperation and the value of the information they provide." (Guilty Plea Tr. 19.)  Hence, Clark's argument that the Government committed prosecutorial misconduct by not filing a Rule 35(b) motion on her behalf is conclusively without merit.

### C.  Advisory Sentencing Guidelines

Clark's third claim is that, if she had known that the Sentencing Guidelines were advisory only under United States v. Booker, she would have sought a more lenient sentence, one below her guideline range.  Again, a brief review of the plea and sentencing transcripts disposes of this claim, as Clark was informed at both hearings that the Sentencing Guidelines were advisory, and, at her sentencing hearing, confirmed that she understood that the Guidelines were advisory.  (Sentencing Tr. 22-23.)  Moreover, the court imposed a guideline sentence on Clark which the court considered reasonable.  Accordingly, this argument is without merit.

### D.  Inequity at Sentencing

Clark's final argument is that her sentence was inequitable in light of her husband's reduced sentence pursuant to the Government's Rule 35(b) motion.  However, as discussed above, the court imposed a guideline sentence on Clark which was reasonable.  The

Government's exercise of its discretion to move for a reduction of Terry Clark's sentence, which the plea agreement expressly permitted, and the court's granting of that motion do not render Clark's sentence inequitable.  As discussed under section II.B, Clark's argument that the Government improperly failed to move for downward departure in her case is meritless.  As such, Clark's argument that her sentence is inequitable is without merit.

It is therefore

**ORDERED** that Clark's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

                                               s/Henry M. Herlong, Jr.
                                               United States District Judge

Greenville, South Carolina
June 27, 2006

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.